IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CINDY FARIAS,

      Petitioner,                      No. CIV S-05-1861 GEB GGH P

     vs.

FOURTH DISTRICT COURT OF APPEAL,

      Respondents.                ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed what has been construed as an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, on the petition itself, not only has petitioner named an improper respondent,[1] petitioner names the Fourth District Court of Appeal, Division 2, as the court before which she intends the petition to be submitted. Moreover, petitioner has failed to file an in forma pauperis affidavit or to pay the required filing fee ($5.00). See 28 U.S.C. §§ 1914(a); 1915(a).

        Finally, to the extent that petitioner may have intended the petition to be filed in

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989).

1

1  this court, it is plain on the face of it that she has failed to exhaust state court remedies for a
2  parole violation for which she states she was sentenced on September 1, 2005.
3  The exhaustion of state court remedies is a prerequisite to the granting of a
4  petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must
5  be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion,
6  thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by
7  providing the highest state court with a full and fair opportunity to consider all claims before
8  presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
9  Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
10  As noted, the claims have not been presented to the California Supreme Court.
11  Further, there is no allegation that state court remedies are no longer available to petitioner.
12  Accordingly, IT IS ORDERED that petitioner must show cause, within 30 days,
13  why this petition should not be dismissed;[3] failure to comply with this order will result in a
14  recommendation that this action be dismissed.
15  DATED: 10/13/05

16  /s/ Gregory G. Hollows

17  GREGORY G. HOLLOWS
    UNITED STATES MAGISTRATE JUDGE

20  GGH:009
    fari1861.osc

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).